Good morning, Your Honors, and may it please the Court, Raj Shah for Petitioner-Appellant Anastacio Ramirez. I would like to reserve three minutes for rebuttal, and I will keep an eye on the clock. Your Honors, the Magistrate below engaged in the exact legal error that this Court identified in Hunt v. Plyler 20 years ago, in 2004. Like in Hunt, the Magistrate agreed with the primary contention of the State's motion to dismiss, and ruled that two of Mr. Ramirez's habeas claims were unexhausted, and therefore rendered his petition mixed for purposes of the Supreme Court's decision in Rose v. Lundy. As Hunt makes clear, the Magistrate's determination violated the plain text of 28 U.S.C. subsection 636b1a, because by resolving the exhaustion question, the Magistrate effectively heard and determined the State's motion. How did the Magistrate judge resolve the exhaustion question? All the Magistrate judge did was, as required under the Prison Reform Litigation statute, to take a look at the complaint to see if there was, you know, if it could go forward, and identified unexhausted claims, and then sent out the order, the option order. Not exactly, Your Honor. That was the case in the related case in this matter, Mr. Atkins' case. In this case, what occurred was that the Magistrate ordered briefing on the order of response to the petition, and the State raised the exhaustion issue in a motion to dismiss. And at that point, without waiting for an opposition from Mr. Ramirez, the Magistrate undertook a six-page order, the first four pages of which definitively resolved the exhaustion question, and then ordered Mr. Ramirez to elect. But the Magistrate judge still gave options, correct? That's correct, Your Honor. But the options were four or three. I can't remember. There were four options, Your Honor. But the options themselves were not the problem. And we know this from the Court's decision in Hunt v. Plyler, where it's not the provision of the options in this case. Let me ask you this. Did the Magistrate judge actually dismiss the three, the unexhausted claims? No, Your Honor. The Magistrate judge did. So how can you say that the Magistrate judge resolved the exhaustion issue? And I suppose that was a poor choice of words on my part, Your Honor. The statute holds that Magistrates cannot hear and determine a motion to dismiss. And that is precisely what the Magistrate judge did here. And we know that from the Court's decision in Hunt v. Plyler. I would quote the language of Hunt v. Plyler to the Court. Now the cases are coming back to me. But I thought that the Magistrate judge basically put the motion to dismiss on hold. No, Your Honor. That is not what the Magistrate judge did. The Magistrate judge said He effectively put the motion on hold, then. I suppose you could say that, Your Honor. But ultimately, that's not determinative. Under Hunt, what's determinative is the Magistrate judge determined the primary contention of the motion to dismiss. And if I might quote the Court's language in Hunt on pages 1123 through 1124, in Hunt, what the Court found problematic was, quote, that the Magistrate judge's November 22nd memorandum in order determining Respondent's motion to dismiss Hunt's First Amendment petition as mixed exceeded his statutory authority. In Hunt, as here, the Magistrate never ruled on the motion to dismiss. The Magistrate never issued a formal ruling. Yet in Hunt, the Court found that the Magistrate's exhaustion determination violated the plain text of the statute. And Hunt is binding on this Court, Your Honor. It's been published authority for the past 20 years. And what the Magistrate judge did here is exactly what the Court identified in Hunt v. Plyler. And so we would... So I was going to ask, the orders seem to say either agree with me on this or file a response in which it gives options. And I noticed that none of the options asked for the possibility of petitioners saying, no, these are exhausted claims. But later on in the order, it does seem to provide for a possibility of challenging that determination. Why doesn't that make this preliminary and not a final determination of exhaustion? It doesn't, Your Honor, for two reasons. The first reason is the language that the Magistrate used when making the findings themselves. And I would refer the Court to ER 33, 34, and 35. Those are the second, third, and fourth pages of the Magistrate's order. And in those three pages, on no less than seven different occasions, the Magistrate reached seven different conclusions about why the claims in this case were unexhausted. None of those conclusions were phrased tentatively. None of those conclusions were phrased ambiguously or equivocally. The conclusions were all definitively and finally phrased. They start with the Magistrate's conclusion on ER 33 that, quote, the Court further agrees with Respondent that grounds one and four of the instant petition were not fairly presented in the CSC petition and therefore are unexhausted. What if the Court had said, these are my final determinations on exhaustion, but you have the right to contest it. And if you disagree, I will file a report and recommendation to the district court. Would that have been okay then? That would have brought – that would have made it – that arguably would have saved the order, I believe, Your Honor, because there the Magistrate would have at least acknowledged that the district court would have some kind of authority to decide the question. But here, the Magistrate judge made no reference to the district court's authority to resolve this question. The Magistrate judge seemed to be signaling – and not just signaling, but rather finally stating – that the claims were unexhausted in this case in these seven conclusions on pages 33, 34, and 35. And that's the problem that renders – that renders – You don't seriously contend that the Magistrate judge can't identify an unexhausted claim, do you? No, Your Honor, that is not what we are contending. We are – The Magistrate judge can identify an unexhausted claim. What you're saying is that once the Magistrate does that, they have to then make a report and recommendation to the district court laying out the options and asking the district court to file the options order? Well, I would argue that the – that a report and recommendation would have been the easy way to avoid this problem. But another way to avoid this problem would have been to phrase the language of the findings so that they read more as tentative conclusions that would be subject to the later recommendation of a district judge, rather than as definite findings as the Magistrate judge did in this case. So while – The Magistrate judge should have said, it appears as though? Yes. And while that might – and while that might seem like a superficial change in wording, Your Honor, it's the change in wording that separates this order from a report and recommendation and an actual finding. It might seem like a superficial change on the surface, but ultimately that's what separates it from being a legal order and an illegal order in this case. But on – on page 37 of the record, the Magistrate judge says, if the petitioner contends that the petition is fully exhausted, petitioner should include in the response any additional argument and documents supporting petitioner's claim of exhaustion. Once the court receives petitioner's response, it will take further appropriate action. You don't think that fixes the problem you've identified? I don't believe it does, Your Honor, because the earlier statements by the Magistrate judge were very final and definite and did not treat the issue as preliminary or tentative. And on top of that, the Magistrate judge required Mr. Ramirez to elect between the four options, treating the exhaustion question as if it Now, I think what would have fixed it is if the Magistrate judge had tweaked the language of her conclusions so that they read more as tentative conclusions that she appeared to glean from the record rather than definitive statements that appear more like findings than as recommendations that a district judge would eventually have to dispose of. And that's what makes this case like Hunt v. Pilar, Your Honors, because in Hunt, that's exactly what this Court found erroneous under the plain text of the statute. The Magistrate judge in that case, while not formally ruling on the motion to dismiss, decided the exhaustion question and violated the plain text of the statute. And given that Did you want to leave your remaining time for rebuttal? Yes, Your Honor. Thank you. And given that, we would ask the Court vacate and remand. Good morning, Your Honors, and may it please the Court. Deputy Attorney General Jonathan Krauss on behalf of Respondent. Your Honors, Section 636B1A bars Magistrate judges from determining certain pretrial motions like a motion to involuntarily dismiss. The options order here, though, did not determine or resolve the motion to dismiss filed by Respondent because it did not grant the motion dismiss, nor did it force Petitioner to dismiss any claim. Instead, it used, indeed, tentative language to tell Petitioner that as a, quote, preliminary matter, Grounds 1 and 4 were unexhausted, and it gave Petitioner options for how to proceed, while telling him that the decision that he elected in response to the order would, quote, dictate how the exhaustion order will be resolved. Well, Mr. Krauss, how do you respond to counsel's argument that it was forcing Petitioner into certain choices? Because the order says either agree with me or, in a response, you can either choose to ask for a stay or dismiss. None of those options that were listed contemplate that Petitioner ask, you know, challenging the exhaustion question itself. Your Honor, what I would say to that is that the order was nondispositive because it did, indeed, give Petitioner real, voluntary choices that he could make for what to do in response to the options order. Included among those were options that were not present in Hunt, and I can get to Hunt in more detail, but this is really what distinguishes Hunt from this case, and one of the several reasons this is the main one, is that the order here gave Petitioner inherently nondispositive options for how to proceed, namely, to seek a stay under either Rines or Kelly. And the choice that Petitioner elected, ultimately he elected, of course, to withdraw his claims, the choice was entirely his to make. At no point was this choice forced on him. At no point was he compelled. At no point was this an involuntary choice. I know Petitioner alleges that he felt somehow pressured or that the magistrate had already ruled on the exhaustion issue, but as Your Honor has noted, on page 37 of the excerpts, I think it's the second to the last page of the order, the magistrate says to him that no matter what option you choose, short of dismissing the whole thing, if you contend that the claims are, in fact, exhausted, you can show me effectively. You can provide additional argument, additional documentation to demonstrate to the magistrate judge that the claim is exhausted. Breyer. What happened to the motion to dismiss that had been filed by the State? What happened to the motion to dismiss? Well, after this, Your Honor, what happened was that Petitioner filed a motion to voluntarily withdraw the two unexhausted claims, and the magistrate ultimately denied the motion to dismiss as moot. But that's, of course, not the order that's being challenged here. The order that's being challenged here is the preliminary options order. And I should note as well that an order denying a motion as moot isn't even determining the motion under the meaning of the statute, because it is not dealing with the substance of the motion. And no— Well, excuse me. Well, with the fact that the motion was filed, did that add to the — to the — perhaps the Petitioner's view that it was necessary for him to take action? No, I don't think so, Your Honor. I think that — well, I think, first of all, that the mere fact that the motion was filed is not the important issue. The issue is whether the magistrate determined it. The second point that I'd make, which the magistrate did not do in this case, the second point is Petitioner, as a pro se litigant, his subjective understanding of what the motion might have meant or said is not really the important issue here. The important issue for this Court is to evaluate the substantive nature of the order itself. Looking at the text of the order to determine what did the order actually say, what were the options that were given to Petitioner, and where, as here, there were inherently nondispositive options that were entirely available to him. He didn't choose these options, but they were there. And had he done so, he had the opportunity, again, if he so chose, to seek a stay, have a stay granted, and preserve, potentially, all of his claims. If — if the magistrate judge had not used the language that I quoted that you've referred to, if you disagree with me on exhaustion, you can file papers saying so. If that language had not been there at all, would your position be different? No, I don't think so, Your Honor. I think the dispositive, for lack of a better word, issue in this case is whether the order disposes of or effectively disposes of any claims. And the fact that the — that the magistrate judge's options order gave Petitioner inherently nondispositive options, which were real options, is what makes this case separate and apart, in a very fundamental way, from something like Hunt. I think it's important to highlight Hunt for a second. I know Your Honors are familiar with it. But in Hunt, the circumstances could not have been more different. In that case, the magistrate didn't even present to the petitioner the option of seeking a stay. The magistrate, in that case — and this is what this Court found in its decision — put Petitioner in a lose-lose situation, between a rock and a hard place, or whatever the metaphor is that you prefer, where he either only had two choices, either to abandon the unexhausted claims or to face dismissal of the entire petition effectively with prejudice, because the statute of limitations had, in that case, expired. But what's — Mr. Krause, what's interesting about this order is, in two different places, there's this bolded text. In the response, Petitioner must indicate which of the prior two options Petitioner elects, should the request for a stay ultimately be denied. And one of them is voluntary dismissal of the entire petition, and the other is proceeding on just exhausted claims. Exactly the two forced-choicing — forced options that Hunt made. Why doesn't this have an air of coercion that we've raised in Bastidas as a possibility of being improper? Well, Your Honor, the reason is, again, because this order did have the options of the stay. Now, theoretically speaking, and this is hypothetical, he might have pursued a stay. It might have been denied. Then, like Your Honor said, this falls more into the line of Mitchell and Bastidas in terms of the denial of a stay. We are not there yet. That didn't happen. We would concede, as the language in Mitchell and Bastidas says, that a denial of a stay order is generally, though not always, generally dispositive. And had he done that, and then, You're right, Your Honor, he would have been facing that same position effectively, depending on the time remaining, that the Petitioner in Hunt was placed in. But that's not the place he was in now. The place he was in on June 5th, 2018, was that all of his claims were still available to him. He was not being forced or compelled to dismiss any of them. Whatever might have happened six months, eight months, a year down the road might have been a different issue for this Court. It might have been an issue for the district judge at that point. But at this point, what this Court is evaluating is whether this options order was dispositive. And does the magistrate judge have an obligation to convey to a petitioner that these sorts of questions will ultimately be resolved by the district court, that the magistrate can't themselves rule on a stay order or on a dismissal itself? Is that something that a magistrate should convey? No, I don't think that's a requirement. In fact, I think I said somewhere in my briefing that the magistrates don't have to give legal guidance to petitioners or explain things thoroughly. I think it's important to note that here the magistrate did give guidance, very clear guidance, I would think, for very straightforward bullet points, including telling him about a Ryan stay, telling him about a Kelly stay. Even though the magistrate didn't have to give him any guidance, the magistrate did, in fact, give guidance here. And I think that dispels any notion that this was some sort of compulsory order that petitioner felt swayed, persuaded, pressured in some way to withdraw his claims. The choice was entirely his. And the fact that he made it should not be the ultimate determining factor here. In your view, as long as the magistrate gives the option for a stay, that will necessarily save the order from being unduly coercive? I think in this case, absolutely. I think in most cases, absolutely. And I think that the key factor is, did the magistrate judge either dismiss or effectively dismiss any claims? And where the stay option is made available and set forth as it was here, then necessarily speaking, those claims were not disposed of or effectively disposed of. Again, in Hunt, there was no mention of a stay. And in Mitchell-Basitas, in different circumstances, the stay was being denied in that case. That's sort of a different case. But comparing this to Hunt, I think the fact that they provided him with these options of how to seek a stay does set it apart from a dispositive order and makes it inherently nondispositive, because at this point in Petitioner's world, in June of 2018, all of his claims were potentially salvageable. In Hunt, was there a motion to dismiss that the magistrate judge was confronting? There was, Your Honor. There was a motion to dismiss. I think there were 70 or so claims filed in that petition. The motion to dismiss argued that some number of them were unexhausted. And again, the response to that motion to dismiss was very different by the magistrate judge in that case than the magistrate judge's order in this case, a much more, I would say, draconian or compulsory order than what we see here. But the magistrate in Hunt did not rule on the motion to dismiss, but it almost effectively did so by saying you have to file an amended petition or voluntarily dismiss. That's exactly it. The magistrate judge in Hunt did not effectively or didn't actually rule on the motion. You're right, Your Honor. But it did effectively do so because, and this is our position here, it placed the Petitioner in Hunt in this lose-lose circumstance where no matter what choice he elected of the two that he was given, at least one, if not all, of his claims would be dismissed, whereas here Petitioner had one, in fact, two options, Rines or Kelly, that he could, if he proceeded properly in the Federal court and then proceeded in State court, he could have preserved all of his claims. That is the key difference, ultimately, between this case and Hunt. Can I ask you one practice question? Sure. This order here, or these orders that we see here, they're pretty common in the Central District, correct? They are, Your Honor. That's pretty much the way they operate. Yes, Your Honor. If I'm not mistaken. They vary in wording here and there, but they are generally like this, yes. The four options, right? Correct. Do you happen to know if that's the practice elsewhere in the Ninth Circuit? Your Honor, I don't know that. I think this is pretty common. You're in California, since you're from there? I am, but I don't know, Your Honor. I can't speak with authority on what the motions are, what the options orders are in other districts other than the Central. That's where I generally practice. But this is, as Your Honor said, the wording can vary here and there. It's not always exactly the same. The order in Atkins, the other case that was taken off calendar, is a little different, but functionally the same, in that it's giving these live options, non-dispositive options of seeking a stay. OK. Thank you. Thank you, Your Honors. A couple of quick points, Your Honors. Judge Lynn, you expressed some uncertainty about whether the Madtrid judge's order here was a final determination on exhaustion, because she provided Mr. Ramirez the right to contest that determination. But I would submit that simply because a party has the right to seek reconsideration of a judicial finding doesn't make that finding any less a judicial finding. And that's the problem we have here, Your Honor. Here, the Madtrid judge made a judicial finding that Hunt v. Plyler says a Madtrid is not authorized to make. Now, Mr. Krause said a couple of things about Hunt v. Plyler, and I'd like to set the record straight on that case. In Hunt, the Court ultimately, in the first two paragraphs of its opinion on pages 1123 through 1124, made very clear the reason why the Madtrid judge's order in that case was unauthorized was because of the type of motion that it was hearing and determining. While the Court in later paragraphs then went on to talk about the troubling effects of the Madtrid's order in that case, it's very clear from the first two paragraphs that the type of motion by itself was what was made, what made the order in Hunt statutorily unauthorized under the plain language of Section 636 B1A. So if a, if government does not file a motion to dismiss, we're in a different situation? That's correct, Your Honor. And in that situation, we would employ the functional approach that this Court has employed in cases like Bastidas and Mitchell and in Flam v. Flam. And that is what Mr. Krause's argument was going to. But we are not in that territory right now, because here we're covered by the plain text of the statute, which bars magistrates from resolving, or rather hearing and determining, motions to dismiss, as the Madtrid judge did in this case. Let me, just, I just have one last question for you. Certainly. So the order says the petition is mixed, and then as, I think as counsel pointed out, it says, as a preliminary matter. The Court has concluded that grounds one and four are unexhausted for the reasons set forth above. There's been an explanation. So what, so what you're saying is, what you're advocating is that, should have said, tentatively? Your Honor, I'm out of time. May I answer that question? Yeah. I mean, I mean, you're just quibbling with the language, aren't you? Well, two points, Your Honor. First, the use of the word preliminary there was more meant to signify that that was the first issue the magistrate judge was addressing before it moved on to the other issues in the order. But the magistrate just said, tentatively, it appears as though these claims are unexhausted. That's correct, Your Honor. That would completely. That would satisfy you. That would satisfy the language of the statute, Your Honor. And while that might feel like a superficial difference, I would note that in this context, words are what make all the difference. Words are what make the difference for Article III purposes and for statutory purposes as well. And so for those reasons, we would ask that this court vacate and remand as it did in Hunt v.  Thank you, Your Honor. Great. Thank you, counsel, for your arguments. The matter will stand submitted.
judges: PAEZ, SANCHEZ, Lynn